STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-13

COTE CHONESKA,

    Petitioner

v.                                                  **DECISION ON APPEAL**

MARTIN MAGNUSSON, *et al.*,

    Respondents

This matter comes before the court on appeal pursuant to 5 M.R.S.A. §11001 *et seq.* and M.R. Civ. P. 80C. The petitioner appealed a final decision on a third level grievance appeal within the Department of Corrections. Finding no error of law, abuse of discretion or findings not supported in the record, the decision will be affirmed.

### Background

Petitioner Choneska is an inmate within the State of Maine correctional system, presently housed at the Maine State Prison. On October 23, 2003, a search of the petitioner's cell by correctional officers included review of the petitioner's Play Station entertainment unit and assorted games and other CDs. Also among these materials, the guards found DVDs containing pornographic materials. As a result of finding these pornographic DVDs, the Play Station unit, games and the offending DVDs were declared to be contraband pursuant to Policy 21.2 concerning prisoner mail. That policy, announced on October 21, 2003, by interdepartmental memorandum states, in pertinent part:

> DVDs (video CDs) are not allowed in Department of Corrections facilities. Any disc received, with a verifiable name and return address, which is immediately identifiable as a DVD, or discovered to be a DVD upon inspection/review, is to be immediately contrabanded (sic).

> Prisoners are allowed Play Station game systems for their intended use only (playing Play Station games). DVDs found in any prisoner's possession are to be immediately contrabanded (sic) and the prisoner's game system immediately contrabanded (sic), for using the system for other than its intended use. That prisoner is not to be allowed to purchase another game system.[1]

The petitioner was later given an option concerning disposition of this personal property, which petitioner chose to send to a relative outside of the prison.

Petitioner Choneska subsequently filed a grievance concerning this decision about the disposition of his Play Station and related equipment including the DVDs and also the institutional decision that he would not be allowed to purchase further game systems.[2] The petitioner unsuccessfully pursued his grievance through the various levels of the departmental procedure, leading to the present appeal pursuant to M.R. Civ. P. 80C.

## Discussion

Petitioner Choneska challenges both the departmental policy of declaring his property to be contraband, forcing him to temporarily dispose of the property by sending it to a relative and forbidding further Play Station purchase, and the validity of the department policy on receipt of CDs and use of Play Station units as reflected in Policy 20.1. These issues will be discussed together in light of their interrelated nature.

Our Legislature has recognized and authorized that loss of privileges at correctional facilities may be a form of punishment or discipline. 34-A M.R.S.A. § 3032(5)(A). If considered as disciplinary offenses or punishments, the commissioner must adopt rules in this regard pursuant to the Administrative Procedure Act.

---

[1] The policy uses the word "contraband" as if it were a verb. Since "contraband" is a noun, it is assumed that what was intended was that these items would "be declared to be contraband."

[2] On October 23, 2003, the petitioner was also moved to administrative segregation in the so-called "Super Max." This disciplinary action, which apparently was the result of the petitioner's outburst, including smashing some of the DVDs and CDs, was not made part of the grievance and is not a subject of the present appeal.

5 M.R.S.A. § 9052 and 34-A M.R.S.A. § 3032. On the other hand, the Legislature has also made it clear that the Department of Corrections has broad power and authority to manage prison property. *See, e.g.,* 34-A M.R.S.A. §§ 1403 and 3031(7). These policies concerning what personal property a prisoner may or may not keep are internal policies adopted for prisoner administration and safety which, unlike disciplinary rules, do not require adoption through APA process.

The necessary question is what purpose the policy under which the confiscation took place was designed to address. It is clear to the court that the policy reflected in 20.1 directly pertains to prisoner management and safety, and the confiscation of the offending DVDs and Play Station is directly related to removal of that property from the prison environment and prevention of re-introduction of such property in the future. This is not a case where permitted or "grandfathered" property is confiscated as a means of punishment for violation of other prison rules, such as creating a disturbance. Since the policy is not disciplinary in that sense, and is more accurately an internal policy concerning control of permitted property, the failure to adopt this policy through the APA procedures is not an error of law.

The petitioner also argues that the correctional officers did not provide him with a statement concerning the contraband nature of the property that was being taken and an inventory of that property, which is the standard procedure. This argument ignores the facts that at the time his own disruptive behavior caused a disturbance which led to separate disciplinary measures being taken and would have prevented the normal contraband procedures. The argument also ignores the fact that the inventory was later presented to him and he was able to otherwise dispose of the confiscated property at his own choice. (*See* footnote 2).

After full review of the record and arguments of the parties, the court finds no error of law, abuse of discretion or findings unsupported by evidence in the record. Therefore, the entry will be:

Agency decision is AFFIRMED.

Dated: August 31, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___2/20/04___ ___Kennebec___ Docket No. ___AP04-13___

County

Action ___Petition for Review___

80C

# J. STUDSTRUP

Cote Choneska vs. Comm. Martin Magnusson, et al

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Cote Choneska, Pro Se<br>Maine State Prison Unit 400<br>807 Cushing Road<br>Warren, Maine 04866-4600 | DIANE SLEEK AAG |

| Date of Entry | |
|---|---|
| 2/20/04 | Petition for Review, filed. s/Choneska, Pro Se |
| 3/1/04 | Motion Requesting the Court to Specify the Future Course of Proceedings, filed. s/Cote Choneska, Pro Se |
| 4/6/04 | Certificate of Service, filed. (as to all defendants) s/c. Choneska, Pro se Petitioner. Petitioner captioned it as "proof of service" |
| 4/15/04 | Certificate of Esther Riley, filed. s/Esther Riley s/Sleek, AAG (RECORD) |
| **4/16/04** | Notice of briefing schedule mailed to attys. |
| 4/23/04 | Motion for Enlargement of Agency Record, filed. s/Choneska, Pro Se<br>Motion to Strike, filed. s/Choneska, Pro Se<br>Request for Hearing, filed. s/Choneska, Pro Se |
| -------- | Letter, filed. s/Sleek, AAG |
| 4/27/04 | Letter, filed. s/Cote Choneska, Pro Se |
| 5/3/04 | Letter, filed. s/C. Choneska, Pro se Plaintiff. |
| 5/5/04 | Telephone conference hearing held, Studstrup, J. (5/3/04)<br>Diane Sleek, AAG. and Pro Se Pltf. participating in call. Court to issue order |
| 5/5/04 | ORDER, Studstrup, J. (Dated 5/3/04)<br>(1) The petitioner's brief is due 40 days after the date on which the state agency record is deemed to be complete.<br>(2) The respondents' brief is due 30 days after service of the brief by petitioner.<br>(3) The petitioner has 14 days after service of the brief by the respondent to file a reply brief.<br>The clerk will incorporated this order by reference in the docket book.<br>Copies mailed to Pltf. and atty of record. |
| 5/6/04 | Petitioner Motion for Enlargement of Time to File 80(C) Brief, filed. s/Cote Choneska, Pro Se<br>Request for Hearing, filed. s/Cote Choneska, Pro Se<br>Proposed Order, filed. |